FILED
SCRANTON

MAY 0 4 2010

PER _____ DEPUTY CLERK

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District  Middle |
|---|---|

| Name (under which you were convicted): Travis Lee Gullion | Docket or Case No.: 10-954 |
|---|---|

| Place of Confinement: SCI Frackville | Prisoner No.: FS-0850 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| TRAVIS LEE GULLION | v. | MIKE WENEROWICZ |

| The Attorney General of the State of  THOMAS W. CORBETT, JR. |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Court of Common Pleas of York County Pennsylvania
    _____

    (b) Criminal docket or case number (if you know): 5815 CA 2002

2.  (a) Date of the judgment of conviction (if you know): September 30, 2003
    (b) Date of sentencing: November 17, 2003

3.  Length of sentence: 20-40 years

4.  In this case, were you convicted on more than one count or of more than one crime?    Yes ☐    No ☒

5.  Identify all crimes of which you were convicted and sentenced in this case: _____
    _____ Murder of the Third Degree
    _____
    _____
    _____

6.  (a) What was your plea? (Check one)
    (1)    Not guilty ☐              (3)    Nolo contendere (no contest) ☐
    (2)    Guilty ☒                  (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____N/A_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

　　Jury ❑　　( Judge only 　　)

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

　　Yes ☒ No ❑ Degree of guilt hearing.

8. Did you appeal from the judgment of conviction?

　　Yes ☒ No ❑

9. If you did appeal, answer the following:

(a) Name of court: Superior Court of Pennsylvania, Middle District

(b) Docket or case number (if you know): 13 MDA 2004

(c) Result: Affirmed

(d) Date of result (if you know): November 30, 2004

(e) Citation to the case (if you know): _____

(f) Grounds raised: (1) Trial court erred by allowing Dr. Wayne Ross to testify beyond the scope of his report  (2) Evidence was insufficient to convict Appellant of third degree murder  (3) The verdict was against the weight of the evidence  (4) Trial court abused its discretion by sentencing Appellant to 20-40 years incarceration  (5) Trial court abused its discretion by denying Appellants timely filed post-sentence motion without a hearing.

(g) Did you seek further review by a higher state court?　　Yes ☒ No ❑

　　If yes, answer the following:

(1) Name of court: Supreme Court of Pennsylvania

(2) Docket or case number (if you know): 1156 MAL 2004

(3) Result: Denied

(4) Date of result (if you know): June 1, 2005

(5) Citation to the case (if you know): Com. v. Gullion, 876 A.2d 393

(6) Grounds raised: Same as above

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?      Yes ____   No XX

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Court of Common Pleas of York County

(2) Docket or case number (if you know): CP-67-CR-0005815-2002

(3) Date of filing (if you know): June 1, 2006

(4) Nature of the proceeding: Post-Conviction Collateral Relief Petition

(5) Grounds raised: (a) Ineffective trial counsel  (b) After-discovered

evidence

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒   No ☐

(7) Result: Denied

(8) Date of result (if you know): March 25, 2008

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Common Pleas of York County

(2) Docket or case number (if you know): CP-67-CR-0005815-2002

(3) Date of filing (if you know): March 4, 2008

(4) Nature of the proceeding: Post-Conviction Collateral Relief Petition

(5) Grounds raised: (a) Ineffective counsel-first PCRA  (b) After-discovered

evidence  (c) Violation of the Constitution of this Commonwealth and

the Constitution of the United States  (d) Improper obstruction by

government officals  (e) Unknowing and unintelligent guilty plea

Page 3

_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☐ No ☒

(7) Result: <u>Pending</u>

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☐ No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:     Yes ☒ No ☐

    (2) Second petition:   Yes ☐ No ☒

    (3) Third petition:    Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

   <u>Second PCRA petition is still pending. Has been pending before</u>

   <u>trial court for over two (2) years.</u>

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**    See following pages for grounds.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

**GROUND 1**: Trial court erred in failing to respond to petitioner's second PCRA petition, which contained after-discovered, exculpatory evidence that establishes petitioner's actual innocence to the charge for which he stands convicted in violation of his 5th, 8th, & 14th Amendment rights.

**SUPPORTING FACTS**: Petitioner's second, pro se, PCRA petition presented after-discovered evidence in the form of expert opinions from Horace B. Gardner, M.D. (Ophthalmologist) and John Plunkett, M.D. (Forensic Pathologist) which dispute the newly-debunked "shaken baby syndrome", and supportive science, which was relied upon by trial court in determining petitioner's guilt and punishment. (Exhibits A, B, & C)

Dr. Gardner opines the testimony of Dr. Ross, who testified on behalf of the Commonwealth during petitioner's degree of guilt hearing, is "incorrect in many aspects" and "based on speculation with no scientific foundation." Specifically, Dr. Gardner disputes Dr. Ross' assertion that "as a general proposition, retinal hemorrhages indicate trauma... the majority of scientific evidence out there today, [indicate] retinoschisis is due to blunt force trauma." Dr. Gardner reveals that there are hundreds of causes of retinal hemorrhage, including the birth process itself, and trauma only accounts for a small fraction, and that most cases of retinoschisis are age related. (Exhibits A & B)

In conclusion, Dr. Gardner opines that the facts of this case are not consistent with a shaking episode on August 31, 2002, but suggest an earlier injury with subsequent deterioration on that date. (Exhibit A)

Dr. Plunkett issued a lengthy and detailed analysis of the case, which refutes the Commonwealth's theory regarding the death of petitioner's daughter, Leah Gullion.  Specifically, Dr. Plunkett concludes that there is not sufficient evidence to conclude that the death of Leah was a homicide, and calls into question the testimony and conclusions of Dr. Ross and Dias, who participated in petitioner's degree of guilt hearing. (Exhibit C)

The opinions of Dr. Plunkett and Gardner were not issued to petitioner until after the filing of his second PCRA petition. Said opinions were supplemented to petitioner's second PCRA in a timely fashion.

While his second PCRA petition was pending in trial court, petitioner received a report by Deborah Tuerkheimer, Professor of Law, entitled "The Next Innocence Project: Shaken Baby Syndrome and the Criminal Courts", and a report by Mark Anderson entitled "Shaken Baby Debate". (Exhibits D & E)

Each of these reports describe the flawed science of "shaken baby syndrome" and the medical community's agreement that the "previous incarnation of shaken baby syndrome is invalid".  Also shown is the misapplication of conditions once believed to be symptomatic of shaken baby syndrome.

Petitioner's after-discovered evidence, in the form of expert opinions from Dr. Plunkett and Gardner, and reports from Deborah Tuerkheimer and Mark Anderson, support a finding that petitioner is actually innocent of the charge for which he stands convicted, violating his 5th, 8th, & 14th Amendment rights.

(b) If you did not exhaust your state remedies on Ground One, explain why:

PENDING before the Court of Common Pleas of York County, Pennsylvania.

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgement of conviction, did you raise this issue? **NO**

    (2) If you did not raise this issue in your direct appeal, explain why: After-discovered evidence, undiscovered at the time of direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **YES**

    (2) If your answer to Question (d)(1) is "Yes," state:

        Post-Conviction Motion

        Court of Common Pleas of York County, Pennsylvania

        CP-67-CR-0005815-2002

        PENDING

    (3) Did you have a hearing on your motion or petition? **NO**

    (4) N/A

    (5) N/A

    (6) N/A

    (7) N/A

(e) **Other Remedies:** N/A yet

**GROUND 2**: Petitioner is actually innocent of the crime for which he stands convicted, violating his 5th, 8th, and 14th Amendment rights.

**SUPPORTING FACTS**: Petitioner was convicted of third degree murder based upon the Commonwealth's experts who alleged that the victim ('Leah's') death was the result of shaken baby syndrome ('SBS').

The science relied upon by the Commonwealth (i.e., the theory of SBS) has subsequently been proven unreliable.

Articles written by Deborah Tuerkheimer, Professor of Law, and Mark Anderson indicate the medical community's acceptance that "the previous incarnation of SBS is invalid", and shows the misapplication of conditions once thought to be symptomatic of SBS. (Exhibits D & E)

The Commonwealth's theory of the crime, relied upon to convict petitioner, crumbles in the light of this evolution of science.

The expert opinions of Horace B. Gardner, M.D. (Ophthalmologist) and John Plunkett, M.D. (Forensic Pathologist) find that their is no evidence to support a finding that Leah's death was a result of a shaking episode. (Exhibits A, B, & C)

The expert opinions of Dr. Gardner and Plunkett further find that there is no evidence to support a finding that Leah's death was a homicide.

The opinions of Dr. Gardner and Plunkett, and articles of Deborah Tuerkheimer and Mark Anderson, represent exculpatory evidence in support of petitioner's actual innocence.

Petitioner is actually innocent for the crime for which he stands convicted. The Commonwealth has failed to act upon petitioner's after-discovered, exculpatory evidence, in violation of his 5th, 8th, & 14th Amendment rights.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

PENDING before the Court of Common Pleas of York County, Pennsylvania.

(c) **Direct Appeal of Ground Two:**

 (1) If you appealed from the judgement of conviction, did you raise this issue? **NO**

 (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: After-discovered evidence, undiscovered at the time of direct appeal.

(d) **Post-Conviction Proceedings:**

 (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **YES**

 (2) If your answer to Question (d)(1) is "Yes," state:

 Post-Conviction Motion

 Court of Common Pleas of York County, Pennsylvania

 CP-67-CR-0005815-2002

 PENDING

 (3) Did you have a hearing on your motion or petition? **NO**

 (4) N/A

(5) N/A

(6) N/A

(7) N/A

(e) **Other Remedies:** N/A yet

GROUND 3: Petitioner's guilty plea was not made
intelligently, nor knowingly, and represents a miscarriage of
justice in light of newly-discovered evidence, violating his 5th,
6th, & 14th Amendment rights.

SUPPORTING FACTS: Petitioner, on the advice of trial
counsel, entered an open plea to criminal homicide.  On September
30, 2003, following a degree of guilt hearing, petitioner was
found guilty of third degree murder based upon the Commonwealth's
uncontested expert testimony.

On November 17, 2003, petitioner was sentenced to the
statuatory maximum sentence for third degree murder (i.e., 20-40
years) based upon the Commonwealth's uncontested expert
testimony.

On August 13, 2007, while his first PCRA petition was
pending in the Superior Court of Pennsylvania, petitioner
received an expert opinion from Horace B. Gardner, M.D.
(Ophthalmologist). ^(Exhibit A)

Dr. Gardner's opinion revealed that the Commonwealth's
expert's opinion, concluding that retinal hemorrhages and
retinoschisis in the victim ('Leah') support a finding of trauma,
is unsupported by science.

Dr. Gardner's opinion indicates that there are hundreds of

causes of retinal hemorrhages and the majority of cases of
retinoschisis are age related. (Exhibit A)

Dr. Gardner's opinion contradicts the Commonwealth's experts
opinion that Leah's death was the result of a shaking injury on
the day in question.

Dr. Gardner, based upon the evidence in this case, concludes
that Leah's death was the result of a prior injury, and not
consistent with a "shaking episode" on August 31, 2002 (i.e., the
day of the alleged offense). (Exhibit A)

On March 4, 2008, within sixty (60) days of the denial of
his first PCRA, petitioner filed a timely second, pro se, PCRA
petition which included a newly-discovered evidence claim, and an
unknowing and unintelligent guilty plea claim, reliant upon Dr.
Gardner's opinion.

While petitioner's second PCRA was pending in trial court,
petitioner received a supplemental opinion from Dr. Gardner and
an additional opinion from John Plunkett, M.D. (Forensic
Pathologist). (Exhibits B & C)

On October 29, 2008, petitioner supplemented said opinions
to his second PCRA petition.

Dr. Gardner's supplemental opinion finds that Leah suffered
from anemia, a severe blood clotting abnormality, and increased
cerebrospinal fluid, making her susceptible to intercranial
hemorrhage spontaneously or with minimal trauma. (Exhibit B)

Dr. Plunkett's findings concur with those of Dr. Gardner in
that Leah's injuries were old, did not require abusive force,

there were many inaccuracies in the Commonwealth's expert
testimony, and shaking was an unlikely cause of death.  Dr.
Plunkett concludes there is a wide array of possible causes for
Leah's death which do not indicate inflicted trauma. (Exhibit C)

On April 25 2009, while his second PCRA petition was pending
in trial court, petitioner received a report by Deborah
Tuerkheimer, Professor of Law, entitled "The Next Innocence
Project: Shaken Baby Syndrome and the Criminal Courts", and a
report by Mark Anderson entitled "Shaken Baby Debate". (Exhibits D&E)

Each of these reports describe the flawed science of "shaken
baby syndrome" and the medical community's agreement that the
"previous incarnation of shaken baby syndrome is invalid".  Also
shown is the misapplication of conditions once believed to be
symptomatic of shaken baby syndrome. (Exhibits D & E)

The evidence contained within Dr. Plunkett and Gardner's
opinions and Deborah Tuerkheimer and Mark Anderson's reports,
contradict the evidence presented by the Commonwealth's experts
during petitioner's degree of guilt hearing, and undermines the
facts relied upon by trial counsel in recommending petitioner
enter an open guilty plea.

Had petitioner been aware of the information contained
within the opinions of Dr. Gardner and Plunkett, and the reports
by Deborah Tuerkheimer and Mark Anderson, he would not have
pleaded guilty.

Petitioner's guilty plea, made upon the advice of trial
counsel, and in ignorance of the above stated facts, was not made
knowingly, nor intelligently, and represents a miscarriage of
justice in violation of his 5th, 6th, & 14th Amendment rights.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

PENDING before the Court of Common Pleas of York County, Pennsylvania.

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgement of conviction, did you raise this issue? **NO**

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: After-discovered evidence, undiscovered at the time of direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **YES**

    (2) If your answer to Question (d)(1) is "Yes," state:

        Post-Conviction Motion

        Court of Common Pleas of York County, Pennsylvania

        CP-67-CR-0005815-2002

        PENDING

    (3) Did you have a hearing on your motion or petition? **NO**

    (4) N/A

    (5) N/A

    (6) N/A

    (7) N/A

(e) **Other Remedies:** N/A yet

**GROUND 4**: Petitioner's first PCRA counsel, Eugene Campbell, was ineffective in violation of petitioner's 5th, 6th, & 14th Amendment rights.

**SUPPORTING FACTS**: On June 1, 2006, petitioner filed his first pro se PCRA petition, which included a claim of ineffective assistance of counsel and after-discovered evidence.

Petitioner's pro se petition informed trial court that unnamed medical experts had reviewed the facts of his case and discovered inaccuracies and discrepancies in the evidence presented to, and relied upon by, trial court in determining petitioner's guilt and punishment.

Petitioner's pro se petition included a request for discovery (i.e., eye slides & actual glass pathology slides of both eyes, records pertaining to Leah's organ donation, and all of Leah's pre-natal records) that said experts required in order to finalize their findings.

On June 23, 2006, Eugene Campbell was appointed to represent petitioner throughout his PCRA proceedings.

Petitioner made repeated requests to PCRA counsel to contact above mentioned experts, who were willing to testify pro bono.

PCRA counsel made no contact with said experts.

Petitioner made repeated requests to counsel to obtain discovery requested by said experts.

Counsel did not obtain said evidence.

Counsel presented no evidence, despite its potential availability in the form of willing pro bono expert testimony, in

support of petitioner's after-discovered evidence claim during petitioner's evidentiary hearing.

Counsel's ineffectiveness in failing to confer with available expert witnesses, and obtain required discovery, prevented petitioner from supporting his after-discovered evidence claim.

Counsel's ineffectiveness, in failing to confer with expert witnesses and obtain required discovery, resulted directly in petitioner's first PCRA being denied in violation of his 5th, 6th, & 14th Amendment rights.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

PENDING before the Court of Common Pleas of York County, Pennsylvania.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgement of conviction, did you raise this issue? **NO**

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: After-discovered evidence, undiscovered at the time of direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **YES**

(2) If your answer to Question (d)(1) is "Yes," state:

Post-Conviction Motion

Court of Common Pleas of York County, Pennsylvania

CP-67-CR-0005815-2002

PENDING

(3) Did you have a hearing on your motion or petition? **NO**

(4) N/A

(5) N/A

(6) N/A

(7) N/A

(e) **Other Remedies:** N/A yet


**GROUND 5**: Trial court violated petitioner's constitutional right to due process by denying petitioner access to evidence on his first and second PCRA, which violates petitioner's 5th, 6th, & 14th Amendment rights.

**SUPPORTING FACTS**: Petitioner's first, pro se, PCRA petition included a request for the following discovery which was required by experts in order to finalize their findings in petitioner's case:


- "eye slides & actual glass pathology slides of both eyes";
- all information/records pertaining to Leah Gullion's organ donation, including photos taken, and;
- Leah Gullion's pre-natal records.


Trial court did not respond to petitioner's request.

Without said evidence, petitioner was unable to support his first PCRA claims.

Petitioner's second PCRA petition included a request for the following discovery so that two (2) experts, who had already issued opinions which disputed expert testimony used to convict and sentence petitioner, could review the evidence to complete their opinions:

- all pre-natal records of Janae Murray;
- all reports done by Leah's home visiting nurse;
- all reports and pictures taken before, during, and after organ donation;
- glass pathology slides (microscopic eye slides of both eyes);
- ophthalmology consult report and any other records related to this field;
- iron stains, duplicate copies of stained microscopic slides and duplicate copies of UN-STAINED microscopic slides;
- brain tissue slides, and;
- transcripts form the October 25, 2006 evidentiary hearing.

Trial court did not respond to petitioner's request for this material.

In refusing to provide petitioner with the requested material, trial court impeded petitioner's ability to adequately support his PCRA claims.

To date, trial court has not provided said evidence, which has impeded petitioner's ability to substantiate his PCRA claims in violation of his right to due process under the 5th, 6th, & 14th Amendment rights.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

PENDING before the Court of Common Pleas of York County, Pennsylvania.

(c) **Direct Appeal of Ground Five:**

    (1) If you appealed from the judgement of conviction, did you raise this issue? **NO**

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: After-discovered evidence, undiscovered at the time of direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **YES**

    (2) If your answer to Question (d)(1) is "Yes," state:

        Post-Conviction Motion

        Court of Common Pleas of York County, Pennsylvania

        CP-67-CR-0005815-2002

        PENDING

    (3) Did you have a hearing on your motion or petition? **NO**

    (4) N/A

(5) N/A

(6) N/A

(7) N/A

(e) **Other Remedies:** N/A yet


**GROUND 6:** Petitioner's sentence is cruel and unusual, and represents a miscarriage of justice, in light of after-discovered, mitigating evidence, violating his 5th, 8th, & 14th Amendment rights.

**SUPPORTING FACTS:** Petitioner entered an open plea to the charge of criminal homicide.

Following a degree of guilt hearing, on September 30, 2003, petitioner was found guilty of third degree murder and sentenced to the statutory maximum sentence for third degree murder (i.e., 20-40 years).

Pennsylvania's Sentencing Guidelines (204 Pa. Code §§303.1-303.16), after considering petitioner's prior record score of zero, and the offense gravity score of 14, call for a sentence of six (6) years.

Trial court failed to consider these guidelines, and sentenced petitioner to the maximum sentence of 20-40 years.

Petitioner's after-discovered evidence discounts the Commonwealth's theory of the crime, and supports petitioner's actual innocence.

Petitioner's after-discovered evidence is exculpatory in nature.

Petitioner's after-discovered evidence is mitigating in nature.

In light of petitioner's after-discovered evidence, his sentence is cruel and unusual, and represents a miscarriage of justice, violating his 5th, 8th, & 14th Amendment rights.

(b) If you did not exhaust your state remedies on Ground Six, explain why:

PENDING before the Court of Common Pleas of York County, Pennsylvania.

(c) **Direct Appeal of Ground Six:**

    (1) If you appealed from the judgement of conviction, did you raise this issue? **NO**

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: After-discovered evidence, undiscovered at the time of direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **YES**

    (2) If your answer to Question (d)(1) is "Yes," state:

        Post-Conviction Motion

        Court of Common Pleas of York County, Pennsylvania

        CP-67-CR-0005815-2002

        PENDING

    (3) Did you have a hearing on your motion or petition? **NO**

(4) N/A

(5) N/A

(6) N/A

(7) N/A

(e) **Other Remedies:** N/A yet

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐ No ☒

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:  All grounds still pending before Court of Common Pleas, York County

_____

_____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

      NO

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐ No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

Page 21

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal,
    for the judgment you are challenging?    Yes ☒    No ☐
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
    issues raised. Court of Common Pleas, York County; CP-67-CR-0005815-2002;
    Post-Conviction Collateral Relief Petition; See 9 (f) of this petition
    for grounds raised

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the
    judgment you are challenging:
    (a) At preliminary hearing: Suzanne Smith; 46 E. Philadelphia St.; York, PA 17401
    Dean Reynosa; York, PA
    (b) At arraignment and plea:     Same as above.

    (c) At trial: Same as above.

    (d) At sentencing: Same as above.

    (e) On appeal: Suzanne Smith; 46 E. Philadelphia St.; York, PA 17401

    (f) In any post-conviction proceeding: First PCRA petition- Eugene Campbell; 2205 E.
    Market St.; York, PA 17402    Second PCRA petition- Frank Arcuri; York, PA
    (g) On appeal from any ruling against you in a post-conviction proceeding: _____
    First PCRA petition appeals- Eugene Campbell

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
    challenging?        Yes ☐ No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in
    the future?    Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's habeas corpus petition falls within the realm of 28 U.S.C. § 2244(d), where evidence supporting petitioner's innocence to the charges for which he stands convicted (i.e., medical science and expert opinions) were undiscoverable, through the exercise of due diligence until April 25, 2009. Accordingly, petitioner has filed his federal habeas corpus within one year of the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

Further, petitioner's habeas corpus petition qualifies under the miscarriage-of-justice exception, where his claims represent a fundamental miscarriage-of-justice, resulting in the conviction of one who is actually innocent.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: (1) Conviction vacated

(2) New trial granted   (3) New sentencing hearing, and/or evidentiary

hearing

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___April 20, 2010___

_____ (month, date, year).

Executed (signed) on April 20, 2010___ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

* * * * *