UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS LEE GULLION, | : | CIVIL ACTION NO. 3:CV-10-0954 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED** |
| | : | **SCRANTON** |
| MIKE WENEROWICZ, et al., | : | JUN 1 3 2014 |
| | : | |
| Respondents | : | PER_____ |
| | | DEPUTY CLERK |

## MEMORANDUM

Petitioner, Travis Lee Gullion, filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on May 4, 2010, attacking a conviction

imposed by the Court of Common Pleas for York County, Pennsylvania. (Doc. 1).

Previously, by Memorandum and Order dated September 20, 2011, Petitioner's

motion for reconsideration of this Court's November 19, 2010 Memorandum and

Order dismissing the petition as untimely under the statute of limitations, was

granted, the case was reopened, and the matter was stayed pending the conclusion

of the state courts' decision on the timeliness of Petitioner's second petition under

the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

See (Doc. 34, Order).

Presently pending is Respondents' motion to reinstate this Court's November

19, 2010 Memorandum and Order dismissing the petition as untimely. (Doc. 38).

For the reasons set forth below, the motion will be granted.

## Background

The following background has been extracted from the Pennsylvania

Superior Court's November 30, 2004 Opinion affirming Petitioner's judgment of

sentence.

> A Criminal Complaint was filed on August 31, 2002, charging the Defendant with Aggravated Assault ([18 Pa.C.S.A.] § 2702(a)(1)) Recklessly Endangering Another Person ([18 Pa.C.S.A.] § 2705) and Endangering the Welfare of a Child ([18 Pa.C.S.A.] § 4304(a)). The Defendant was alleged to have physically assaulted his natural daughter, L.G. (date of birth: 6/18/02) on or about August 31, 2002 at the family residence in Newberry Township, York County, Pennsylvania. Thereafter, L.G. was declared "brain dead" on September 3, 2002 and subsequently a determination was made with family members to withdraw life support and she expired that same day. A second Complaint was then filed on September 3, 2001 charging Defendant with Criminal Homicide, Murder in the 1st and 3rd Degrees (18 Pa.C.S.A.] § 2502 (a) and (c)).
>
> On July 10, 2003, the Defendant entered a plea of guilty generally to Criminal Homicide as well as guilty to Aggravated Assault, Recklessly Endangering Another Person and Endangering the Welfare of a Child. In return the Commonwealth agreed to withdraw the charge of Criminal Homicide, Murder in the 1st Degree. There was no agreement as to sentencing.
>
> Thereafter the Court conducted a degree of guilt hearing on September 30, 2003, at the conclusion of which the Court determined that the Defendant was guilty of Criminal Homicide, Murder in the 3rd Degree. A sentencing hearing was scheduled for and conducted on November 17, 2003 at which time the Defendant was sentenced to 20 to 40 years in a State Correctional Institution on the charge of Criminal Homicide,

Murder in the 3rd Degree. No separate sentence was imposed on the remaining charges.

As indicated the Defendant filed a Post-Sentence Motion on November 26, 2003 (Pa.R.Crim.P. 720) asserting that the Trial Court's determination of guilt to 3rd Degree Murder was against the weight of the evidence and therefore sought a new degree of guilt hearing and reconsideration of sentence. That Post-Sentence Motion was denied and refused without a hearing on December 2, 2003.

(Doc. 22, Memorandum Opinion of the Superior Court of Pennsylvania dated November 30, 2004). Petitioner filed a timely appeal.

By Memorandum Order filed November 30, 2004, the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. Id.

On December 30, 2004, Petitioner filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 1, 2005. (Doc. 22, Allocatur Docket Sheet).

On June 5, 2006, he filed a pro se PCRA petition. (Doc. 22, Order of trial court).

On October 25, 2006, a hearing was held and the petition was denied. Id.

On November 21, 2006, Petitioner filed a an appeal to the Pennsylvania Superior Court. (Doc. 22, Memorandum Opinion of the Superior Court of Pennsylvania dated July 23, 2007).

On July 23, 2007, the Pennsylvania Superior Court affirmed the denial of the

3

PCRA petition. Id.

On August 23, 2007, Petitioner filed a petition for allocatur to the Pennsylvania Supreme Court, which was denied on March 25, 2008. (Doc. 22, Allocatur Docket Sheet).

On March 4, 2008, Petitioner filed a second PCRA petition.

By Order dated June 25, 2010, Petitioner's second PCRA petition was dismissed as untimely. (Doc. 22, PCRA Court Order dated June 25, 2010).

On May 4, 2010, Petitioner filed the instant petition for writ of habeas corpus in which he raised various challenges to his conviction and sentence. (Doc. 1, petition).

On July 22, 2010, Petitioner filed an appeal to the Pennsylvania Superior Court of the PCRA court's June 25, 2010 denial of his second PCRA petition as untimely. See Commonwealth of Pennsylvania v. Gullion, CP-67-CR-0005815-2002, Criminal Docket Sheet.

By Memorandum and Order dated November 19, 2010, this Court dismissed the habeas petition as untimely under the statute of limitations. See (Doc. 30).

On December 8, 2010, Petitioner filed a motion for reconsideration, arguing that because his appeal of the PCRA court's denial of his second PCRA petition as untimely was filed and pending during the pendency of this action, his habeas

petition should be stayed pending exhaustion of his state court remedies. (Doc. 31).

By Memorandum and Order dated September 11, 2011, Petitioner's motion for reconsideration of this Court's November 19, 2010 Memorandum and Order dismissing the petition as untimely under the statute of limitations was granted, the case was reopened, and the matter was stayed pending the conclusion of the state courts' decision on the timeliness of Petitioner's second PCRA petition. See (Doc. 34, Order).

By Memorandum Opinion dated July 5, 2011, the Pennsylvania Superior Court affirmed the denial of Petitioner's second PCRA petition as untimely. See (Doc. 38-1 at 1-7, Memorandum Opinion). On January 18, 2012, the Pennsylvania Supreme Court denied allocatur. (Doc. 38-2 at 1, Order).

Subsequently, Respondents filed a motion to reinstate this Court's November 19, 2010 Memorandum and Order dismissing the petition as untimely. (Doc. 38).

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

5

> limitation period shall run from the latest of - (A) the date
> on which the judgment became final by the conclusion of
> direct review or the expiration for seeking such review ...
>
> (d)(2) The time during which a properly filed application
> for State post conviction or other collateral review with
> respect to the pertinent judgment or claim is pending shall
> not be counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added); see generally, Jones v. Morton, 195

F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the

period of time for filing a habeas corpus petition begins to run when direct review

processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir.

2000) ("[T]he AEDPA provides that upon conclusion of direct review of a

judgment of conviction, the one year period within which to file a federal habeas

corpus petition commences, but the running of the period is suspended for the

period when state post-conviction proceedings are pending in any state court.")

(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (per

curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the

conclusion of state post-conviction collateral review processes that starts the

running of the limitations period. See Bunnell v. Yukins, 2001 WL 278259, *2

(E.D. Mich. Feb 14, 2001) ("Contrary to Petitioner's assertion, the limitations

period did not begin to run anew after the completion of his post-conviction

6

proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, 2001 WL 387516, *2 (3d Cir. April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

Petitioner's judgement of sentence was affirmed on June 1, 2005, and because he did not file a petition for certiorari in the United States Supreme Court,

the judgement became final at the expiration of the ninety-day period to file the

petition for certiorari.  See Morris vs. Horn, 187 F.3d 333, 337 and n.1 (3d Cir.

1999).  Accordingly, his judgment of sentence was final on August 30, 2005 and

the clock for filing a federal habeas petition began running.  Petitioner had until

August 30, 2006, to file a timely habeas corpus petition.  Pursuant to 28 U.S.C. §

2244(d)(2), when Petitioner filed his timely PCRA petition on June 5, 2006, the

AEDPA's filing period was statutorily tolled with approximately eighty-six (86)

days of the one (1) year filing period remaining.  See Harris, 209 F.3d at 328.  On

March 23, 2008, the Pennsylvania Supreme Court denied allocatur on the

denial of Petitioner's PCRA petition that was filed on June 5, 2006.  The statutory

period to file a federal habeas petition therefore started to run again on March 23,

2008.  Consequently, Petitioner was required to file his habeas corpus petition

approximately, on or before June 17, 2008.  The instant petition was not filed until

May 4, 2010, almost two (2) years after the limitations period expired.  Thus, the

petition for habeas corpus relief appears to be barred by the statute of limitations.

In Pace v. DiGugliemo, 125 S. Ct. 1807 (2005), which involved

Pennsylvania's post-conviction review statute, the United States Supreme Court

ruled that an untimely PCRA petition is not "properly filed" within the meaning of

28 U.S.C. § 2244(d)(2) so as to suspend the running of the habeas corpus

limitations period. Id. at 1811. As the Third Circuit Court of Appeals has also

observed, "[a]n untimely state petition for post-conviction relief cannot be

'properly filed' for purposes of § 2244(d)(2)." Satterfield v. Johnson, 434 F.3d

185, 194 (3d Cir. 2006) (citing Pace, 125 S. Ct. at 1811). All three state tribunals

determined that Petitioner's second PCRA petition, filed on March 4, 2008, was

untimely. These determinations are conclusive on the question of whether those

state court applications were "properly filed" for purposes of § 2244(d)(2). See

Evans v. Chavis, 126 S.Ct. 846, 850 (2006) (holding that a state court ruling that a

habeas petitioner's delay in seeking state court relief was unreasonable "'would be

the end of the matter'") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Pace,

125 S.Ct. at 1812 ("When a post conviction petition is untimely under state law,

'that is the end of the matter' for purposes of § 2244(d)(2)."); Fountain v. Kyler,

420 F.3d 267, 272 n.3 (3d Cir. 2005) (concluding, "because the Superior Court

found [Fountain's] second [PCRA] petition untimely, it was not 'properly filed'

and thus did not serve to toll the running of the statute of limitations"). As

explained in Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003), once the highest

Pennsylvania court to address the matter rules that a PCRA petition is untimely, "it

would be an undue interference for a federal district court to decide otherwise."

Thus, the state court rulings that Petitioner's second PCRA petition was untimely

compel the conclusion that this habeas corpus petition is likewise time-barred. See Brown v. Klem, 2006 WL 263607, *6 (E.D. Pa. Feb. 1, 2006). Consequently, Petitioner's habeas corpus petition, filed on May 4, 2010, is statutorily barred by the statute of limitations.

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period. Merritt, 326 F.3d at 161. In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted). The Third Circuit Court of Appeals has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001) (citing Jones v. Morton, 195

F.3d 153, 159 (3d Cir. 1999) (citations omitted)).  A habeas petitioner bears the

burden of demonstrating both his entitlement to equitable tolling and his due

diligence.  Pace, 544 U.S. at 418; Cooper v. Price, 82 F. App'x. 258, 260 (3d Cir.

2003); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); United States v. Soto,

159 F.Supp.2d 39, 45 (E.D. Pa. 2001) (Van Antwerpen, J.).

To the extent Petitioner attributes his delay in filing the instant petition to the

trial court, stating that "the trial Court's delay for over two years in dismissing that

[second PCRA] petition as untimely failed to give [Petitioner] notice that his

petition was not tolling the statute for filing a Federal habeus [sic] petition", (Doc.

44, p. 14), his argument fails to allege circumstances which would warrant

equitable tolling of the instant federal petition for writ of habeas corpus.  Notably,

Petitioner's federal writ of habeas corpus was filed while his second PCRA petition

was pending.  Thus, the trial court's timeliness in addressing the petition did not

prevent Petitioner from asserting his federal rights.  Moreover, regardless of the

timeliness in which the Pennsylvania courts addressed Petitioner's second PCRA

petition, his federal habeas corpus petition was filed almost two (2) years after the

AEDPA's limitations period expired, and two (2) years after Petitioner filed his

second PCRA petition.  Petitioner offers no explanation for the delay in filing the

instant petition for writ of habeas corpus.  As such, equitable tolling is inapplicable

in this matter.

A separate Order will be issued.


Dated: June 12, 2014

United States District Judge